UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STUDIO A ENTERTAINMENT, INC. and
PAUL NEVITT a/k/a "Andrew Blake,"

Civil Action No.

                              Plaintiffs,

         v.

NATIONAL A-1 ADVERTISING, INC., RICHARD
COHEN and JOHN DOES 1-20,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT

Plaintiffs, by their attorneys Jules D. Zalon and Mattleman, Weinroth & Miller, as and for its complaint against the defendants herein, hereby respectfully allege the following upon knowledge as to plaintiff's own acts and upon information and belief as to all other matters

1.      Plaintiff Studio A Entertainment, Inc. is a California corporation whose principal place of business is at 4151 Redwood Avenue #301, Los Angeles. California 90066.

2.      Plaintiff Paul Nevitt a/k/a "Andrew Blake," is a citizen and resident of the state of California.

3.      Defendant National A-1 Advertising, Inc. ["National"] is a Delaware corporation whose principal place of business is at 107 South 8th Street, Philadelphia, Pennsylvania 19106.

4.      Defendant Richard Cohen is a principal of or is otherwise associated with defendant National and has caused it to commit the acts hereafter alleged.

5.      The defendants described as John Does are associated with one or more of the defendants or their principal in the illegal distribution of plaintiff's copyrighted content

hereinafter identified. The identity of such John Does is not presently known and the complaint will be amended to include the name or names of said individual(s) when identified.

6.    Each of the defendants regularly does business in the state of Pennsylvania and the causes of action hereinafter alleged arise out of their transaction of business in the State of Pennsylvania.

## JURISDICTION AND VENUE

7.    The causes and separate counts set forth hereinbelow arise under the Trademark Act, Title 15 U.S.C. 1501, et seq. as well as the common law of this state, and jurisdiction and venue are founded upon Title 15 U.S.C. 1501 et seq., Title 28 U.S.C. 1331, 1338, 1391(b), 2201 and 2202. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy- Five Thousand Dollars. A substantial portion of the events giving rise to the claims have occurred in the state of Pennsylvania.

## AS AND FOR A FIRST COUNT FOR
## FEDERAL TRADEMARK INFRINGEMENT

8.    In or about 1989, plaintiff Studio A adopted and used in interstate commerce the name and trademark **Andrew Blake** in connection with the production and sale of motion picture films, pre-recorded videotapes and video discs, i.a., featuring adult entertainment, and have since used the said mark to identify their products and services, and to distinguish them from those offered by others by, among other things, prominently displaying the mark **Andrew Blake** on videocassettes, DVDs, posters and packaging containing motion pictures, on letterheads, direct mail and point-of-sale advertising, and in other media, including on the Internet, throughout the United States.

9.    As a result of the wide and prominent advertising and use of such mark, said **Andrew Blake** trademark has developed and now possesses a secondary and distinctive trademark meaning to purchasers of such videos.

10.    On August 3, 1995, plaintiff Studio A filed an application for registration of said mark in the United States Patent & Trademark Office. On March 24, 1998 the said mark was registered in the United States Patent & Trademark Office on the Principal Register under the Act of 1946 under Registration No. 2,146,619 covering use of the mark in connection with, inter alia, videos, discs and CD-ROMs featuring erotic films; also in connections with the writing, directing and producing of such films, inter alia. A copy of the registration certificate is annexed hereto as Exhibit A. Since such date and continuing to the present, plaintiff Studio A has been the owner of said registration, which is valid and subsisting.

11.    The defendants have infringed said plaintiff's mark in interstate commerce by adopting and using the said mark as a Uniform Resource Locator (URL), i.e., an address that specifies the location of a file on the Internet, for the purpose of advertising and selling video streams of material – so-called video on demand ("VOD"] – which do not emanate from plaintiff and in fact have nothing to do with the plaintiff. Thus, defendants are presently using the URL www.andrewblakevod.com to offer and sell their own material under plaintiff Studio A's well-known trademark.

12.    The use of said infringing mark by defendants is without permission or authority of plaintiff Studio A, and said use by defendants is likely to cause confusion, to cause mistake and to deceive.

13.    The aforesaid acts of the defendants have been committed willfully and with full knowledge of the rights of plaintiff Studio A and with the intention of deceiving and misleading the public and of wrongfully misappropriating and trading upon the nationally recognized value of the good will and reputation inhering in plaintiff Studio A's trademark and of benefitting from and depriving plaintiff Studio A of the benefits arising from such reputation and goodwill.

3

14. Since the date of registration, plaintiff Studio A has regularly given notice that the mark is registered in the U. S. Patent & Trademark Office.

15. Upon information and belief, the defendants have been transacting and continue to transact business in this state and elsewhere in interstate commerce, and have been and continue to infringe plaintiff's trademark rights in this state and elsewhere in interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods or services sold, used and consumed in this state and elsewhere in interstate commerce. The defendants expected or should have reasonably expected that their unlawful acts would have consequence in this state.

16. Defendants' use in commerce of the trademark **Andrew Blake** in connection with their own counterfeit videos is an infringement of plaintiff Studio A's registered trademark in violation of 15 U.S.C. 1114.

## AS AND FOR A SECOND COUNT FOR
## FALSE DESIGNATION OF ORIGIN

17. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 7 through 16 herein.

18. The defendants have used and continue to use the name **Andrew Blake** in connection with their sale of goods or services in commerce in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of their said goods or services.

19. Plaintiffs have been damaged by these acts in that visitors to the defendants' website will believe, and be justified in believing, that the videos offered by the defendants emanate from, are sponsored by or are otherwise associated with the plaintiffs.

AS AND FOR A THIRD COUNT FOR
MISAPPROPRIATION OF PLAINTIFF
PAUL NEVITT'S RIGHT OF PUBLICITY

20.   Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 7 through 19 herein.

21.   Due to the investment of substantial money time and energy in advertising, publicizing and promoting the accomplishments and excellence of plaintiff Paul Nevitt under the pseudonym "Andrew Blake," such name has developed and now possesses a separate and protectable right of publicity.

22.   The said use of the said name **Andrew Blake** as the dominant element of the URL www.andrewblakevod.com by the defendants constitutes a willful infringement of the plaintiff Paul Nevitt's right of publicity in such name.

AS AND FOR A FOURTH COUNT FOR
MISAPPROPRIATION OF PLAINTIFF
PAUL NEVITT'S RIGHT OF PRIVACY

23.   Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 7 through 22 herein.

24.   The said use of the said name **Andrew Blake** as the dominant element of the URL www.andrewblakevod.com by the defendants constitutes a willful infringement of the plaintiff Paul Nevitt's separate right of privacy.

AS AND FOR A FIFTH COUNT
FOR CYBERPIRACY

25.   Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 7 through 24 herein.

26.   The defendants' bad faith intent to profit from the use of the name and trademark **Andrew Blake** by adopting the name as the name of its URL and as the title of its Web home page constitutes cyberpiracy under 15 U.S.C. 1125(d).

5

27.     The defendants' said cyberpiracy has caused and will continue to cause damage to plaintiffs and is causing irreparable harm to the plaintiffs in an amount to be proved at trial.

## DAMAGE TO PLAINTIFFS

28.     The acts, conduct and threatened acts and conduct of defendants as hereinabove alleged, are causing, and unless enjoined and restrained will continue to cause, plaintiffs serious and irreparable injury which cannot be fully, adequately or readily compensated by money damages.  Plaintiffs have no adequate remedy at law and will suffer immediate and irreparable injury, loss and damage unless defendants are restrained and enjoined by this Court from continuing to perform the aforesaid acts of trademark infringement and other acts of unfair competition.

29.     It will be impossible to ascertain the amount of compensation which could afford plaintiffs adequate relief for such threatened and continuing acts, and a multiplicity of judicial proceedings would be required.

## PRAYER FOR RELIEF

30.     WHEREFORE, plaintiffs request judgment as follows:

A.     That defendants, their agents, servants, employees, officers, attorneys, successors and assigns and all persons acting under the defendants or on their behalf, be permanently enjoined from directly or indirectly:

(i) using the name and trademark **Andrew Blake** or any colorable variation thereof, which is likely to cause confusion, mistake or to deceive, including as an element in any URL;

(ii) making, having made for them, selling, distributing or disposing of in any manner any advertisements or promotional material including ad mats, point of sale devices, catalogs, letters, posters or brochures using the term;

6

(iii) offering for sale or selling any videos not emanating from plaintiff Studio A which use or utilize the name and trademark **Andrew Blake**;

(iv) aiding, abetting, encouraging or inducing another to do any of the acts herein enjoined.

B. That the defendants be required to account and pay over to the plaintiff all gains, profits and advantages derived by them from the infringements alleged above, in addition the damages which the plaintiffs have sustained by reason of the defendants' said acts.

C. Alternatively, at plaintiff Studio A's election, because of the willful nature of said infringements, the Court award said plaintiff three times the amount of the damages sustained by reason of the defendants' infringements of plaintiff's federally registered trademarks, as provided in §1117 of the Trademark Act.

D. That the defendants be required to pay to the plaintiffs the costs of this action, and reasonable attorneys' fees to be allowed by the Court.

///

E.  That plaintiff have such other and further relief as the Court deems just and proper.

Dated:        West Orange, New Jersey
              December      , 2008

Jules D. Zalon
20 Curtis Avenue
West Orange, New Jersey 07052
Tel: (973) 324-2444
Fax: (973) 324-2180
Email: jzalon@zalonoffice.com
Attorney for Plaintiff

Of counsel:

Albert J Olizi
Mattleman, Weinroth & Miller
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034
Tel:  856-429-5507
Fax: 856-429-9036
Email: olizi@aol.com
Pennsylvania Bar # 30318

Int. Cls.: 9, 16, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 2,146,619
Registered Mar. 24, 1998

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## ANDREW BLAKE

STUDIO A ENTERTAINMENT, INC. (CALIFORNIA CORPORATION)
2554 LINCOLN, NO. 158
MARINA DEL REY, CA 90291 ASSIGNEE OF NEVITT VIDEO PRODUCTIONS, INC. (CALIFORNIA CORPORATION) SANTA MONICA, CA 90405

FOR: VIDEOS, TAPES, LASER DISCS, AND CD-ROMS FEATURING EROTIC FILMS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-0-1989; IN COMMERCE 11-0-1989.

FOR: POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 11-0-1989; IN COMMERCE 11-0-1989.

FOR: SERVICES IN MAKING ENTERTAINMENT MEDIA, NAMELY, WRITING, DIRECTING, AND PRODUCING FILMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-0-1989; IN COMMERCE 11-0-1989.

THE NAME SHOWN IN THE MARK DOES NOT IDENTIFY A PARTICULAR LIVING INDIVIDUAL. IT IS A FICTITIOUS NAME.

SN 74-710,696, FILED 8-3-1995.

DAVID M. MERMELSTEIN, EXAMINING ATTORNEY

# Exhibit A